NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

GENERAL SKIPPER, PETITIONER, v. BAY RIDGE OPERAT
ING CO., RESPONDENT.

ARTHUR CLARK, PETITIONER, v. BAY RIDGE OPERATING
CO., RESPONDENT.

Decided June 28, 1944.

For the petitioner, *Fox & Krieger* (*David B. Schackner,* appearing).

For the respondent, *Milton, McNulty & Augelli* (*Lawrence A. Whipple,* appearing).

Respondent conducted a stevedoring business. On October 2d, 1943, and for sometime prior and subsequent to that date, it was engaged in such activities at the Tide Water Terminal,

situate at Port Newark, Newark, New Jersey. The entire terminal at the time of the accident hereinafter set forth, was under the jurisdiction of the United States Army. It is completely fenced in and bounded on the northerly side by Port Street, and on the southerly side by Newark Bay. In addition to respondent, there were a number of other companies engaged in business within the terminal.

The only means of ingress and egress to the point where the petitioner was performing his duties for respondent, was a gate approximately one-half mile away, at the northerly end of the terminal, immediately adjoining Port Street. This gate was continually guarded and admission could only be gained to the terminal by exhibiting a pass from the Provost Marshall's Department of the United States Army. Within the gate and leading from it, there was a road approximately twenty feet wide, leading to a point near where the petitioner was required to perform his work. This road was the one and only means by which persons employed by the respondent could reach their place of employment. The road was used not only by employees of the respondent, but in common with employees of the other employers within the terminal. It was not open to the public, and admission could only be gained as above indicated, by the display of a pass. The road was intersected by the lines of several railroad companies. At the most northerly end, it was intersected by three sets of tracks belonging to the Pennsylvania Railroad Co.

On October 2d, 1943, and for sometime prior to that date, petitioner was in the employ of respondent, earning a weekly salary in excess of $30. He had started work at about 8 A. M. that morning. At about 6 P. M., he was informed that it would be necessary for him to work overtime that evening. There were no facilities within the terminal where petitioner could get his supper, and he was told by his immediate superior to go out and get his supper, being permitted one hour for that purpose.

Petitioner entered the motor vehicle of a co-employee, Arthur Clark, and was driven from the point where he was employed to the gate of egress. He had his supper at a point outside of the Tide Water Terminal and returned in the same

vehicle. The gate leading from the terminal to Port Street was opened upon his return by the guard, upon he and his co-employee showing their respective admittance passes, as well as the vehicle pass. The vehicle proceeded along the road hereinabove referred to, and as it reached the intersecting tracks of the railroad company, a distance of approximately seventy feet from the gate, it was struck by a freight train of the Pennsylvania Railroad Company, and petitioner suffered personal injuries.

The risk entailed in the crossing of the railroad tracks by the petitioner, was a risk which was clearly an incident of the employment and one that was also foreseeable. The location of the point where petitioner performed his work for respondent, made not only the customary but the only way of ingress and egress, one frought with the very danger that overtook the petitioner on the day in question. An employer is liable for injuries caused by accidents arising from or growing out of risks peculiar to the nature of the work within the scope of the employment or incidental thereto, and accidents to which employees are exposed in a special degree because of employment.

I do find, therefore, that the petitioner in this case suffered an injury by accident, arising out of and in the course of his employment within the meaning of our Workmen's Compensation Act, of which respondent had due and timely knowledge.

Petitioner was temporarily disabled from October 2d, 1943, the date of the accident, to March 13th, 1944, a period of 23 2/7 weeks. He is accordingly entitled to payment of temporary compensation for that period, which at his rate of $20 per week, amounts to $465.71. Petitioner was hospitalized at St. James' Hospital for a period of one week immediately after the accident. The bill for hospital treatment is $91. He was treated at the hospital and subsequent to his discharge from the hospital, by Dr. Edward A. McVay, who presented a bill for $107. These bills for medical treatment and hospitalization shall be paid by the respondent, as hereinafter provided.

Dr. Max Kummel testified on behalf of petitioner, whom he examined on January 11th, 1944, and March 20th, 1944. He

was of the opinion that petitioner had sustained 33 1/3 per cent. partial permanent disability of the left leg, as well as 7½ per cent. total permanent disability for the injury to the left side, particularly in the region of the chest.

On behalf of the respondent, Dr. Edward A. McVay's report, dated June 7th, 1944, was offered in evidence by stipulation of counsel. The doctor's findings were substantially in accord with those of Dr. Max Kummel, but he was of the opinion that petitioner had sustained 20%-25% partial permanent disability of the left leg, and 2½%-3% total permanent disability for the injury to his left side, particularly in the region of the chest.

After considering the testimony, I find and determine and do hereby order and adjudge that as a result of said accident, petitioner sustained 17½% total permanent disability, amounting to 87½ weeks, which at said compensation rate of $20 per week, totals $1,750, all of which together with the following allowances, shall be paid in accordance with the Compensation Law of this state.

\*      \*      \*      \*      \*      \*      \*

It is, therefore, \* \* \* ordered, that judgment be entered in favor of petitioner and against respondent.

HARRY S. MEDINETS,
*Deputy Commissioner.*